UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MAC TRUONG, *pro se,*                   :
                                        :
                Plaintiff,              :
        -against-                       :         **MEMORANDUM**
                                        :         **& ORDER**
MARK A. CUTHBERTSON, R.                 :
KENNETH BARNARD, ROSEMARY               :         15-CV-4268 (DLI) (LB)
MERGENTHALER, BANK OF NEW               :
YORK MELLON,                            :
                                        :
                Defendants.             :
------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge:**

On July 17, 2015, *pro se* plaintiff Mac Truong (the "Plaintiff") filed this action invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") for the purpose of this Order only. The complaint is dismissed as set forth below. Furthermore, Plaintiff is ordered to show cause why a filing injunction should not be entered against him within 30 days from the entry date of this Order, *i.e.,* by September 11, 2015, as set forth below.

**BACKGROUND**

Plaintiff brings this action seeking this Court's intervention in a pending state case concerning property owned by Rosemary Mergenthaler, which property also is the subject of bankruptcy proceedings in the United States Bankruptcy Court in the Eastern District of New York. (*See generally* Compl, Dkt. Enty No. 1). Mac Truong, a disbarred attorney, is no stranger to this Court and to other state and federal courts in New York and New Jersey, having been enjoined from filing new complaints before the United States Bankruptcy Courts for the Southern District of New York and the District of New Jersey, United States District Court for

the Southern District of New York, United States Court of Appeals for the Second Circuit, and New York State Supreme Court, Appellate Division, First Department.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As Plaintiff is a former attorney, the Court is not obligated to read his pleadings liberally. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010); *Johnson v. MediSys Health Network*, 2013 WL 1334420, *1 n.1 (E.D.N.Y. Mar. 29, 2013) ("Although Johnson proceeds *pro se,* she is an attorney. Thus, she is not entitled to have her pleadings read with the degree of liberality given to non-attorney *pro se* plaintiffs."); *Muset v. Ishimaru*, 783 F.Supp.2d 360, 364 (E.D.N.Y. 2011); *Bliven v. Hunt*, 478 F.Supp.2d 332, 334 (E.D.N.Y. 2007) (experienced attorney not entitled to degree of liberality given to non-attorney *pro se* plaintiffs); *Goel v. United States Dep't of Justice*, 2003 WL 22047877, at *1 (S.D.N.Y. Aug. 27, 2003).

Pursuant to the IFP statute, the Court must dismiss a complaint *sua sponte* if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact – *i.e.*, where it is 'based on an

indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

Plaintiff disputes decisions entered by a Suffolk County state court concerning property owned by Defendant Mergenthaler. There is no basis for this Court to intervene in this ongoing state court matter. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 591-592 (2013). Furthermore, to the extent that Plaintiff has any cause of action regarding an ongoing bankruptcy proceeding, it should be brought before the United States Bankruptcy Court where the action is pending, and is not the basis for a new civil action. Instead, this action appears to be part of a pattern of vexacious, litigious conduct repeatedly employed by Plaintiff. Accordingly, the complaint is dismissed with prejudice as frivolous or malicious and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Furthermore, as noted above, the Court has uncovered a voluminous history of litigation abuse by Plaintiff. Truong's tenacity in filing frivolous bankruptcy matters has earned him and his wife filing injunctions in not one, but two, separate bankruptcy courts. *See In re Mac Truong,* 2009 WL 2929261 (Bankr. S.D.N.Y. Sept. 3, 2009) (dismissing Truong's Chapter 13 petition and enjoining Mac Truong and his wife, Maryse Mac-Truong from filing any bankruptcy petition, motion or pleading in any bankruptcy proceeding without prior approval from the Bankruptcy Court and enjoining Truong and his wife from filing any complaint, motion or pleading against Jeffrey L. Sapir, Steven P. Kartzman, in any court or tribunal, state or federal); *In re Mac Truong*, 2008 WL 442292, at *7 (Bankr. D.N.J. Feb. 14, 2008) (enlarging order barring defendants from litigating against individuals and firms involved in administering Truong's Chapter 7 bankruptcy).

In addition, Mac Truong is the subject of filing injunctions in federal and state courts unrelated to his bankruptcy matters. *See Truong v. Nguyen,* No. 10 Civ. 386 (S.D.N.Y. Aug. 22, 2013) (imposing monetary sanction); *Truong v. Rakoff*, No. 07 Civ. 2490 (S.D.N.Y. May 29, 2007) (Mac Truong barred from filing any new *in forma pauperis* actions without first obtaining permission from the U.S. District Court for the Southern District of New York); *Truong v. McGoldrick*, 2006 WL 1788960, at *5 (S.D.N.Y. June 27, 2006) (Mac Truong enjoined "from commencing any actions or proceedings against the Committee defendants or the State Judiciary defendants, or against any other parties, relating to the *Broadwhite* litigation or relating to his suspension or disbarment from the practice of law, absent prior approval from this Court."); *Vishipco Line v. Schwab & Co.*, 2003 WL 1345229, at *9 (S.D.N.Y. Mar. 19, 2003) (order consolidating six cases filed by Mac Truong and enjoining him from commencing any new actions against Schwab or its attorneys or related claims without first obtaining permission from the Court); *Broadwhite v. Truong*, 294 A.D.2d 140, 141(1st Dep't 2002) (sanctions imposed by state trial court upon Mac Truong and others "for their unremitting course of obstructionist, frivolous and otherwise contemptuous conduct during this litigation, including disobedience of court orders.").

In March 2010, the United States Court of Appeals for the Second Circuit entered a leave-to-file sanction against Plaintiff "prohibiting any further submissions" in the Second Circuit, unless he first obtained permission from the Circuit. *Truong v. Charles Schwab & Co.* Mandate, No. 09 Civ. 1162 (2d Cir. March 18, 2010).

In this Court, Plaintiff already has filed three actions. *See Truong v. Nguyen*, No. 09 Civ. 3968 (E.D.N.Y. Sept. 21, 2009) and *Truong v. Bogatin*, No. 09 Civ. 3982 (E.D.N.Y. Sept. 21, 2009) (cases transferred to the Southern District of New York); *Mac Truong v. Mac Truong*, No. 09 Civ. 4113 (E.D.N.Y. Oct. 19, 2009) (case transferred to the United States Bankruptcy Court

for the District of New Jersey).  In each case filed in this Court, Plaintiff was warned that this Court would not tolerate frivolous litigation and, should he file a new frivolous action, this Court would subject him to similar sanctions, including the imposition of a filing injunction in this Court.

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted);  *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

By filing this action, Plaintiff shows that he has no intention of heeding the Court's warnings against filing frivolous litigation.  Therefore, Plaintiff is ORDERED to show cause why this Court should not impose a filing injunction barring Plaintiff from filing any new civil action, whether fee paid or seeking IFP status, without first obtaining permission from this Court. Plaintiff shall file an affirmation in response to this Memorandum & Order NO LATER THAN September 11, 2015.  If Plaintiff fails to file an affirmation or his affirmation fails to provide a valid basis for why the filing injunction should not issue, an order enjoining Plaintiff from filing any new action in this Court shall issue.

## CONCLUSION

For the reasons set forth above, this action, filed *in forma pauperis*, is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is hereby ORDERED to SHOW CAUSE NO LATER THAN September 11, 2015 why he should not be enjoined from filing any new civil action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 12, 2015                                    /s/
                                                      DORA L. IRIZARRY
                                            United States District Judge