```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAC TRUONG, *pro se*,                       :
                                            :
                  Plaintiff,                :
                                            :
       -against-                             :        **MEMORANDUM & ORDER**
                                            :
MARK A. CUTHBERTSON, R.                     :        15-CV-4268 (DLI) (LB)
KENNETH BARNARD, ROSEMARY                   :
MERGENTHALER, BANK OF NEW                   :
YORK MELLON,                                :
                                            :
                  Defendants.                :
----------------------------------------------------------X
```

**DORA L. IRIZARRY, United States District Judge:**

On July 17, 2015, plaintiff Mac Truong filed this *pro se* action (the "Complaint," Dkt. Entry No. 1) invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Compl. at 1. By order dated August 12, 2015 (the "August 12 Order," Dkt. Entry No. 4), the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the Complaint. August 12 Order at 1. The Court also directed plaintiff to show cause by September 11, 2015 why a filing injunction should not be entered. *Id.*

On August 28, 2015, plaintiff filed a notice of motion for reconsideration of the August 12 Order, along with plaintiff's affirmation in support (the "First Aff.," Dkt. Entry No. 6). On August 31, 2015, plaintiff filed a supplemental affirmation in support (the "Sup. Aff.," Dkt. Entry No. 7), and on September 8, 2015, plaintiff filed a second supplemental affirmation in support (the "Sec. Sup. Aff.," Dkt. Entry No. 8). The Court will refer collectively to the notice of motion and the three affirmations as the "Motion for Reconsideration." Plaintiff did not file a memorandum of law in support of the Motion for Reconsideration.

For the following reasons, the Motion for Reconsideration is denied as to defendants Mark A. Cuthbertson, R. Kenneth Barnard, and Bank of New York Mellon. The Motion for

Reconsideration is granted with respect to *pro se* defendant[1] Rosemary Mergenthaler, but only for the purpose of modifying the Court's August 12 Order such that the Complaint is deemed *void ab initio* concerning defendant Mergenthaler. Additionally, plaintiff is enjoined from commencing any further actions in the United States District Court for the Eastern District of New York absent permission from this Court, and is further enjoined from intervening in Rosemary Mergenthaler's bankruptcy proceedings in the Bankruptcy Court for the Eastern District of New York, absent permission from the presiding United States Bankruptcy Judge.

**DISCUSSION**

(A)  The Legal Standard

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked … that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, such a motion will not be granted absent the demonstration of "extraordinary circumstances." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (finding that Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances") (internal quotation marks omitted).

A Rule 60(b) motion may not be used "as a substitute for an appeal [a party] failed to take in a timely fashion." *Stevens*, 676 F.3d at 67. A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided. *See Zerman v. Jacobs*, 751 F.2d 82, 85

---

[1] The court is mindful that pro se submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

(2d Cir. 1985) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court decided").

(B)     Dismissal of the Complaint

Plaintiff does not provide the Court with any controlling case law or data the Court overlooked, nor does he allege facts demonstrating extraordinary circumstances warranting relief. Instead, plaintiff simply rehashes the same frivolous and repetitive arguments from the Complaint, namely that he is entitled to a 25% interest in real property owned by defendant Mergenthaler. *Compare* Compl. at 2, *with* First Aff. at 4. This real property is subject to an ongoing chapter 7 bankruptcy case in which Ms. Mergenthaler is the debtor. Compl. at 2. As such, the Court warned plaintiff in the August 12 Order that, "any cause of action regarding an ongoing bankruptcy proceeding, … should be brought before the United States Bankruptcy Court where the action is pending, and is not the basis for a new civil action." August 12 Order at 3. Rather than pursue his claim before the appropriate court, plaintiff brought the instant Motion for Reconsideration, which is entirely without merit. Accordingly, the motion is denied, and the Complaint is dismissed with prejudice.

(C)     The Filing Injunction

In the August 12 Order, the Court detailed plaintiff's long and tortured history of vexatious litigation before numerous courts, including this one. August 12 Order at 3-4. The Court directed plaintiff to show cause why he should not be barred from filing any new civil action without permission of this Court. *Id.* at 5. Plaintiff's arguments against the imposition of a filing injunction, like his other arguments, are frivolous and sanctionable.

Plaintiff characterizes the Court's summary of his litigation history from the August 12 Order as an "incomplete and partial review of plaintiff's reputation online as a litigant in some of [his] prior cases…." First Aff. at 4. Plaintiff takes particular exception to the Court's reference

to *Truong v. Nguyen*, 2011 WL 1226258 (S.D.N.Y. Mar. 20, 2011), where the Second Circuit vacated monetary sanctions imposed against plaintiff by the District Court. *Truong v. Nguyen*, 503 F.App'x 34, 36 (2d Cir. 2012). Plaintiff clings to this Second Circuit decision to argue that "all the issues regarding [plaintiff's] alleged vexatious practice of law … was (*sic*) put to an end…." First Aff. at 9.

The Court cannot overstate the frivolity and disingenuousness of this argument. First, what plaintiff refers to as his "reputation online" is actually a multitude of court decisions in which plaintiff has been sanctioned repeatedly for his unrepentant, malicious conduct. *See* August 12 Order at 3-5. Second, plaintiff's reliance on the Second Circuit's decision in *Nyugen* is completely dishonest, given that the District Court reinstated the sanctions on remand, a decision that is final given the denial of leave to appeal to the Second Circuit. *Truong v. Nguyen*, 2013 WL 4505190 (S.D.N.Y. Aug. 22, 2013) *leave to appeal denied*, Mandate No. 14-928 (2d Cir. July 24, 2014). Plaintiff's mendacious omission of this fact typifies his disgraceful behavior before this and other tribunals. Finally, even if plaintiff somehow had managed to escape sanctions in *one* case, the numerous other cases in which plaintiff was sanctioned completely justify the conclusion that a filing injunction, at a minimum, is appropriate here.

Based on the foregoing, plaintiff clearly has failed to demonstrate that a filing injunction should not issue. In fact, if anything, the Motion for Reconsideration confirms the wisdom of prohibiting him from accessing the courts and wasting even more scarce judicial resources.

(D)     Modifications to the August 12 Order

This order modifies the August 12 Order in two respects. First, the August 12 Order is vacated to the extent it dismissed the Complaint against defendant Mergenthaler. As noted above, Ms. Mergenthaler is a debtor in an ongoing chapter 7 bankruptcy proceeding. The Bankruptcy Code imposes an automatic stay against "the commencement or continuation … of a

judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title….." 11 U.S.C. § 362(a)(1). The automatic stay "is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect." *E. Refractories Co. Inc. v. Forty Eight Insulation Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (quotation marks and additional citations omitted)). Ms. Mergenthaler had already filed for bankruptcy by the time plaintiff filed the Complaint against her and the other non-bankrupt defendants. Compl. at 2. Thus, as to defendant Mergenthaler only, the Complaint was *void ab initio* at the time plaintiff filed it, so the August 12 Order did not need to dismiss the case against her.

The second modification to the August 12 Order concerns the Court's statement admonishing plaintiff to bring his action in the appropriate court, the Bankruptcy Court for the Eastern District of New York. As noted above, the Court has imposed a filing injunction against plaintiff, which extends to the Bankruptcy Courts of this District. Thus, plaintiff is now prohibited from filing any action he may have otherwise brought in Ms. Mergenthaler's bankruptcy case, unless he first obtains the express approval of the presiding United States Bankruptcy Judge.

## CONCLUSION

The Motion for Reconsideration is denied as to defendants Mark A. Cuthbertson, R. Kenneth Barnard, and Bank of New York Mellon. The Motion for Reconsideration is granted with respect to defendant Rosemary Mergenthaler, but only for the purpose of modifying the Court's August 12 Order, such that the Complaint is deemed *void ab initio*. The Complaint therefore remains dismissed, with prejudice, in its entirety.

Plaintiff is enjoined from commencing any further actions in the Eastern District of New York absent permission from this Court. Plaintiff is further enjoined from intervening in any bankruptcy proceeding in the Eastern District of New York, including Rosemary Mergenthaler's bankruptcy case, absent permission of the presiding United States Bankruptcy Judge.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 22, 2016

                                        /s/
                          DORA L. IRIZARRY
                     United States District Judge