```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAC TRUONG, pro se,                         :
                                            :
                Plaintiff,                  :
    -against-                                :
                                            :          **SUMMARY ORDER**
MARK A. CUTHBERTSON, R.                     :
KENNETH BARNARD, ROSEMARY                   :          15-CV-4268 (DLI) (LB)
MERGENTHALER, BANK OF NEW                   :
YORK MELLON,                                :
                                            :
                Defendants.                 :
----------------------------------------------------------X
```

**DORA L. IRIZARRY, United States District Judge:**

The Court assumes familiarity with the facts of this case, as set forth in the Court's previously issued orders.[1] The following summary order, therefore, will recite only those facts necessary to resolve defendant Mergenthaler's outstanding requests for relief, which are hereby denied in their entirety.

On July 17, 2015, plaintiff Mac Truong filed this *pro se* action (the "Complaint," Dkt. Entry No. 1) invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. By order dated August 12, 2015 (the "August Order," Dkt. Entry No. 4), the Court dismissed the Complaint, with prejudice, and on August 14, 2015, the case was closed. Dkt. Entry No. 5. On August 28, 2015, plaintiff filed a Motion for Reconsideration of the August Order (Dkt. Entry Nos. 6-8), which the Court denied by order dated February 22, 2016 (the "February Order," Dkt. Entry No. 16).

On October 15, 2015, after the case had been closed, Ms. Mergenthaler filed an "answer," *pro se*,[2] to the Motion for Reconsideration (the "Answer," Dkt. Entry No. 11), which is actually

---

[1] Unless otherwise indicated, the Court incorporates all party-name abbreviations and designations from the Court's previous orders in this summary order.

[2] The court is mindful that pro se submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets

an affirmation in support of the Motion for Reconsideration. Answer at 1. On November 13, 2015, Ms. Mergenthaler, again acting *pro se*, filed a "cross-motion" (the "Cross-Motion," Dkt. Entry No. 12) seeking various forms of relief against her co-defendants and other third parties. *See generally* Cross-Motion. On November 23, 2015, defendant Barnard filed his opposition to the Cross-Motion (the "Opposition," Dkt. Entry No. 13), and on December 3, 2015, Ms. Mergenthaler filed her reply in support of the Cross Motion (the "Reply," Dkt. Entry No. 15).

The Court has denied the Motion for Reconsideration, and Ms. Mergenthaler's "Answer" in support thereof provides no basis for disturbing that decision. As for her Cross-Motion, this case was closed as of August 14, 2015, well before Ms. Mergenthaler filed the Cross-Motion. Post-closure, the only issues properly before the Court were the order to show cause, and subsequently, the Motion for Reconsideration. Thus, because Ms. Mergenthaler filed the Cross-Motion in a closed case, the filing was improper, and the Cross-Motion is dismissed with prejudice.

Lastly, the Court notes that the Cross-Motion is identical to a motion Ms. Mergenthaler filed in her bankruptcy appeal, with the exception of some minor editing. Her Reply in support of the Cross-Motion similarly is identical to a "reply brief" she filed in the bankruptcy appeal. Whatever rights Ms. Mergenthaler may have regarding her ongoing bankruptcy case, including any right to appeal, must be vindicated in the bankruptcy action. Ms. Mergenthaler is cautioned that, in the future, wasting this Court's time with duplicative or frivolous motions, such as the Cross-Motion, may result in the imposition of sanctions.

---

the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

## CONCLUSION

For the reasons set forth above, the Cross-Motion is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 22, 2016

/s/
DORA L. IRIZARRY
United States District Judge